**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**NATISHA RIESKE, on behalf of herself and others similarly situated,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00051-PGB-PRL**

**INSURANCE PIPELINE, INC., a Florida for profit corporation;**

**Defendant,**
**_____________________________________/**

# ORDER

Plaintiff Natisha Rieske filed this action against Defendant Insurance Pipeline, Inc. on behalf of herself and all others similarly situated alleging a claim for unpaid overtime wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. Although Plaintiff has not sought conditional class certification, three individuals have filed consents to join as opt-in Plaintiffs. (Docs. 11, 13, 43).

Now, Ms. Rieske has filed a notice advising the Court that she has accepted Defendant's offer of judgment under Rule 68, Federal Rules of Civil Procedure. (Doc. 45). The attached offer of judgment states that Defendant "offers to allow entry of judgment in Plaintiff Natalie Rieske's favor against Defendant in the total amount of $8,365.56" and that the offer "is made to fully and finally resolve the claims against them in this action." (Doc. 45-1).[1] Plaintiff asks the Court to enter "an Order" in Ms. Rieske's favor for the amount stated, and then her counsel will move for reasonable attorneys' fees and costs as the prevailing party

[1] Notably, the Offer of Judgment incorrectly states that the offer is made to "Natalie" Rieske.

after conferring with defense counsel. Plaintiff states that the case will continue forward with the individual/opt-in Plaintiff who have filed consents to join.

Parties may terminate an FLSA case by filing either a Rule 41 stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment and "the district judge is immediately powerless to interfere." *See Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-62 (M.D. Fla. 2020); *see also Vasconcelo v. Miami Auto Max, Inc.*, 982 F.3d 934, 942 (11th Cir. 2020) ("Rule 68 applies in actions brought under the Fair Labor Standards Act no less than in any other case"). Rule 68 –which is applicable here—allows a party defending against a claim to serve an opposing party with an offer to allow judgment on specified terms. If the opposing party serves a written acceptance within fourteen days of being served with the offer, either party may then file the offer and notice of acceptance, plus proof of service. "The clerk must then enter judgment." Fed. R. Civ. P. 68(a). If the offer of judgment is not accepted within fourteen days, the offer is considered withdrawn. Fed. R. Civ. P. 68(b).

Here, Ms. Rieske has failed to show that she accepted Defendant's offer of judgment within fourteen days, as required by Rule 68. According to Plaintiff's filing, Defendant served its offer of judgment on July 15, 2026 (Doc. 45-1) and Plaintiff filed/served her notice of acceptance of Defendant's offer of judgment twenty days later, on August 4, 2026. (Doc. 45). Accordingly, within **ten days** of this Order, Ms. Rieske shall show cause why the previously filed notice of acceptance of Defendant's offer of judgment (Doc. 45) should not be deemed invalid because Defendant's offer of judgment was considered withdrawn.

DONE and ORDERED in Ocala, Florida on August 25, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party